UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MARTIN E. TAYLOR,**

      **Plaintiff,**

v.                                                         **Case No: 6:15-cv-00168-Orl-41KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

                                          /

**ORDER**

THIS CAUSE is before the Court on the Complaint (Doc. 1) filed by Martin E. Taylor ("Plaintiff") pursuant to 42 U.S.C. § 405(g), which seeks judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for social security disability benefits. On May 10, 2016, U.S. Magistrate Judge Karla R. Spaulding issued a Report and Recommendation ("R&R," Doc. 18), in which she recommends that the Commissioner's final decision be reversed. On May 17, 2016, the Commissioner filed objections ("Objections," Doc. 19) to the R&R, to which Plaintiff responded in opposition ("Response," Doc. 20).

After an independent *de novo* review, the Court agrees with the findings of fact and conclusions of law set forth in the R&R. Thus, the Commissioner's Objections will be overruled, the Commissioner's final decision will be reversed, and this case will be remanded.

**I.**      **BACKGROUND**

On October 7, 2013, Plaintiff filed an application for benefits under the Federal Old Age, Survivors and Disability Insurance Programs, 42 U.S.C. § 401 *et seq.*, alleging disability commencing on August 2, 2013. (R. 148–49). The Plaintiff's application was initially denied on

November 15, 2013, and upon reconsideration, was again denied on January 15, 2014. (R. 88–90, 92–96). Plaintiff requested a hearing, which was held on August 11, 2014, before an Administrative Law Judge ("ALJ"). (R. 26–59, 98). At the hearing, Plaintiff, accompanied by an attorney, presented argument. (R. 26–59). After considering the hearing testimony and the evidence in the record, the ALJ issued a decision on October 1, 2014, finding that Plaintiff was not disabled (R. 5–25). In her decision, the ALJ summarized her findings on an examination of Plaintiff conducted by Sujatha P. Vuyyuru, M.D., a treating rheumatologist. However, the ALJ did not state the weight given to Dr. Vuyyuru's opinion. (R. 18). The ALJ also acknowledged that Plaintiff had a 30% disability rating from the Department of Veterans Affairs ("VA"), due to migraine headaches, but did not state the weight given to the VA rating. (R. 13). Plaintiff requested review of the ALJ's decision. (R. 4). On December 2, 2014, the Appeals Council of the Social Security Administration denied the request for review (R. 1–3). Accordingly, the ALJ's decision became the Commissioner's final decision.

On February 4, 2015, Plaintiff filed a Complaint (Doc. 1) with the Court, requesting that it reverse the decision of the Commissioner and remand the case for an award of benefits on grounds that the ALJ: (1) applied the incorrect legal standards to the VA disability rating, and (2) applied the incorrect legal standards to the opinion of Dr. Vuyyuru. (Doc. 17). After a reviewing the record in conjunction with the parties briefs, the Magistrate Judge concluded that the ALJ had failed to apply the correct legal standards to the opinion of Dr. Vuyyuru and failed to give great weight to the VA rating. (R&R at 8–11). Accordingly, the Magistrate Judge issued an R&R, recommending that the Court reverse the Commissioner's decision and remand the case for further proceedings. (*Id* at 11).

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes a timely objection, the district court shall conduct a *de novo* review of the objected-to portions of the recommendation. *See also* Fed. R. Civ. P. 72(b)(3). *De novo* review "require[s] independent consideration of factual issues based on the record." *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990) (per curiam). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.   ANALYSIS

The Commissioner objects to the R&R in two respects. First, the Commissioner maintains the Magistrate Judge incorrectly found that Dr. Vuyyuru qualifies as a treating physician and that the ALJ was required to state the weight given to Dr. Vuyyuru's opinion. (Obj. at 1–6). Second, the Commissioner contends that the Magistrate incorrectly found that the ALJ was required to state the amount of weight she assigned to the VA rating. (*Id.* 6–9). Therefore, the Commissioner requests that the Court reject the R&R and find that its decision was supported by substantial evidence. (*Id.* at 9).

### A.   Weight Applied to Dr. Vuyyuru's Opinion

The Court agrees entirely with the Magistrate Judge's finding that Dr. Vuyyuru "qualifies as a treating physician," and that Dr. Vuyyuru's opinion must have been given "substantial or considerable weight unless 'good cause' [was] shown to the contrary." (R&R at 8).

As the Magistrate Judge explained, in the Eleventh Circuit, "medical opinions" are defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the

claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." *Winschel v. Comm'r Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (quoting 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). "There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians." *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) (citing 20 C.F.R. §§ 404.1527(c)(1)–(2), 416.927(c)(1)–(2)). "Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians substantial or considerable weight." *Winschel*, 631 F.3d at 1179 (quotation omitted). "Good cause exists 'when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)). "With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so." *Id.* (quoting *Phillips*, 357 F.3d at 1240–41).

On May 15, 2014, Dr. Vuyyuru examined Plaintiff at the VA hospital due to his complaints of chronic neck pain, low back pain, and paresthesias in his right hand. (R. 655). She conducted a physical and musculoskeletal exam and noted, among other things, that Plaintiff had "no paraspinal muscle pain," no "para spinal muscle spasms," and "negative inflammatory markers and . . . no synovitis or tenderness in hand joints or in any small joints." (R. 657–58). Dr. Vuyyuru determined that Plaintiff did not meet the criteria for rheumatoid arthritis at that time and that "[r]heumatoid factor [was] most likely false positive." (R. 658). Dr. Vuyyuru did, however, inform "[Plaintiff] that he had fibromyalgia" and "asked him to come back so that [she] [could] evaluate him again." (R. 877).

On June 23, 2014, Plaintiff presented to Dr. Vuyyuru for another examination. (*Id.*). After conducting another musculoskeletal exam, Dr. Vuyyuru observed that Plaintiff had "severe paraspinal muscle spasm" of the cervical spine and "significant para spinal spasms" in the lumbosacral spine. (R. 878). Dr. Vuyyuru also noted sixteen of eighteen tender points. (R. 879). In her treatment notes Dr. Vuyyuru described Plaintiff's symptoms, and provided a diagnosis of fibromyalgia. (R. 879–80). Dr. Vuyyuru further opined that that the fibromyalgia was probably secondary to his chronic neck and low back pain. (*Id.*). Dr. Vuyyuru also discussed the severity of Plaintiff's fibromyalgia. (R. 880). And, Dr. Vuyyuru explained that Lyrica would help with Plaintiff's neuropathic pain and fibromyalgia, and that swimming, exercising and do stretching exercises may also help with the pain. (*Id.*).

After reviewing the content of Dr. Vuyyuru's treatment notes, the Court agrees with the Magistrate Judge: "Dr. Vuyyuru expressed an opinion as defined in *Winschel*, and the ALJ was required to state the weight given to that opinion." (R&R at 9). However, the record reflects, and the Commissioner does not dispute, that the ALJ failed to articulate the weight afforded to Dr. Vuyyuru's opinion or any ground for discounting it. Therefore, the ALJ committed reversible error. *See Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam); *see also Winschel* 631 F.3d at 1179 (reversing the ALJ's denial of benefits for failure to articulate grounds for rejecting the medical opinions of a treating physician).

The Commissioner argues that "[e]ven if this Court were to find Dr. Vuyyuru's treatment notes contained an opinion, because the ALJ discussed the content of Dr. Vuyyuru's treatment and otherwise considered Plaintiff's medical condition as a whole, the failure to state the weight given to Dr. Vuyyuru's opinion is harmless error." (Obj. at 5–10). However, the Court disagrees. This is not a case where the Dr. Vuyyuru's opinion supported the ALJ's conclusion and was, thus,


unnecessary. Dr. Vuyyuru's opinion contradicted several of the ALJ's findings. For example, the ALJ found that: (1) Plaintiff's records did not corroborate Plaintiff's testimony that his "fibromyalgia affects his cervical and lumbar areas in the morning," (2) that records showed "no weakness or paresthesias," (3) and that the records show "no tender points or trigger points, or any findings associated with fibromyalgia." (R. 10). These findings are contradicted by the opinion contained in Dr. Vuyyuru's treatment notes. (*See* R. 878–80).

Given that Dr. Vuyyuru's opinion did not support many of the ALJ's conclusions, her opinion may potentially impact the ALJ's final decision. Moreover, the Court cannot reasonably conclude that the ALJ's failure mention or explain the weight given amounted to harmless error without re-weighing the evidence and invading the province of the ALJ. *Moore v. Barnhart*, 405 F.3d 1208, 1214 (11th Cir. 2005) (per curiam) (explaining that, where an ALJ fails to indicate the impact of certain factors on his ultimate conclusion as to claimant's impairment, a court cannot properly evaluate whether the ALJ's error is harmless).

For the foregoing reasons the Court agrees with the Magistrate Judge's conclusion that Dr. Vuyyuru was a treating physician who offered a medical opinion and that the ALJ erred by failing to give substantial or considerable weight to Dr. Vuyyuru's opinion or to articulate a reason for not doing so.

### B.     Weight Applied to the VA Rating

"An ALJ is required to give 'great weight' to a VA disability determination, though it is not binding; to 'closely scrutinize' it; and, if necessary, to explain why it should be discounted." *Baldwin v. Colvin*, No. 3:14-cv-157-MCR-MD, 2015 WL 5467961, at *1 (N.D. Fla. Sept. 17, 2015) (quoting *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A Mar. 25, 1981) (per

curiam));[1] *see also Gonz v. Comm'r of Soc. Sec.*, No. 6:12-cv-614-Orl-GJK, 2013 WL 4494313, at *3–5 (M.D. Fla. Aug. 20, 2013) (reversing and remanding for further consideration where ALJ referenced the VA's determination only in passing, cited the regulations stating such decisions are not binding, and failed to "engage in any meaningful evaluation of the VA's decision").

The Commissioner argues that the Magistrate Judge incorrectly concluded that the ALJ erred by failing to explain why it did not accord great weight to the VA's 30% disability determination. In support of its position, the Commissioner cites to *Adams v. Commissioner of Social Security*, 542 F. App'x 854, 856 (11th Cir. 2013) (per curiam) and *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) (per curiam). However, neither case support's the Commissioner's argument.

There are significant differences between *Kemp* and *Adams* and the instant case. In *Kemp* and *Adams*, although the ALJ's did not specifically state that the weight given to the VA's disability ratings, the record showed that they expressly considered the rating and closely scrutinized it. *See Adams*, 542 F. App'x at 856–57; *see also Kemp*, 308 F. App'x at 426. In the instant case, however, there is no indication that the ALJ seriously relied on the VA rating. Indeed, the ALJ never provided a thorough discussion of the VA rating in the context of Plaintiff's alleged disability. (R. 8–20). Instead, the ALJ acknowledged the VA rating by simply stating that Plaintiff "has a 30 percent disability from the Veterans Administration" (R. 13). "[T]here is no indication in the decision that the ALJ was aware that this disability rating was based on [Plaintiff]'s migraine headaches." (R&R at 10). Moreover, the ALJ did not express that the VA's rating was given substantial weight, nor did she offer any explanation for discounting the VA rating. Because the

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) (adopting the case law of the former Fifth Circuit developed before October 1, 1981, as precedent in this Circuit).

ALJ failed to explicitly discuss, or explain, the reason for discounting the VA's disability rating, the Court is unable to conclude that the ALJ appropriately considered the VA rating in making her own determination that Plaintiff was not disabled. For the foregoing reasons, the Court agrees with the well-reasoned analysis of the Magistrate Judge.

Accordingly, the R&R will be adopted, confirmed, and approved in all respects, and this case will be reversed and remanded for further proceedings consistent with this opinion.

### IV.   CONCLUSION

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 18) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. The Commissioner's final decision is **REVERSED** pursuant to sentence four of § 405(g) and **REMANDED** to the Commissioner for further proceedings.
3. The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on July 26, 2016.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record